Stewart, J.
This suit arises out of a controversy between sub-contractors, who claim the right to share in funds remaining in the hands of the owner of a building due to the principal contractor.
The question submitted to this court arises solely upon the pleadings in the case, which show:
That sometime in 1886, John Zettler, the owner of property at the corner of Fourth and Chestnut streets, in Columbus, made a contract with one Edward Sands, as principal contractor, to erect a business house thereon. That during 1886 and 1887, The P. Hayden Saddlery Hardware Co., J. A. Geren, Slade & Kelton, Kelton & Brown, and Watkins, Pease & Co., furnished material and labor for the erection of the building. That on January 11, 1887, the claims of Slade & Kelton, and Kelton & Brown having become due and being unpaid, they filed with the owner of the property sworn and itemized accounts of their claims, and on the same day filed copies of their accounts with the county recorder. That on May 9, 1887, they filed the proper affidavits for procuring mechanics’ liens upon the property. That on January 19,1887, Watkins, Pease & Co., their claim being due and unpaid, filed a sworn and itemized account with the owner and the county recorder. *68 That on the 21st day of March, 1887, upon the completion of the building, there was due to Edward Sands, contractor, from John Zettler, the owner, the sum of $505.97; May 10, 1887, a suit was commenced by Slade & Kelton to enforce their mechanic’s lien ; June 28,1887, the claim of J. A. G-eren being unpaid, he filed a sworn and itemized account thereof with the owner and with the county recorder, and on June 29,1887, The P. Hayden Saddlery Hardware Co. did the same..
None of the foregoing claims were paid, and the money due the contractor remained in the hands of John Zettler until January 6.1888.
From these facts it is claimed that all of the parties named are entitled to share pro-rata in the fund in the hands of the owner.
Upon the trial in the court below the fund was distributed to Slade & Kelton, Kelton & Brown, and Watkins, Pease & Co., and it is sought here to reverse that judgment. The act of 1843 to create a lien in favor of mechanics, etc. (S. & C. 883), provided that a sub-contractor whose demands had not been paid, might deliver to the owner a sworn and itemized account, etc., and that thereupon the owner should retain out of his subsequent payments to the contractor the amount of such claim.
Under that statute, in the case of Copeland v. Manton, 22 Ohio St. 398, it was held that while the act did not in express terms create a lien or charge in favor of the sub-contractor, such undoubtedly was its necessary effect and operation ; that the lien attached at the time the sub-contractor delivered to the owner his attested account; and that as between sub-contractors the liens of those first serving the owner with notice were better in right and should be first paid. Dunn & Wilt v. Rankin, 27 Ohio St. 132, is to the same effect. This law was subsequently amended, and is now found in secs. 3193, 3194, 3195, 3198, Rev. Stats., which are as follows:
“Sec. 3193. Any sub-contractor, etc., performing any labor or furnishing any material or machinery for the construction, etc., of any property, etc., as described in sections 3184 and 3186 * * * * provided for in a contract between the owner, or any board or officer, and the head or principal contractor, and *69 under a contract between such sub-contractor, etc., and the principal contractor, or a sub-contractor, and whose demands, therefor, are not paid when due, may file with the owner, board, or officer, or the authorized clerk or agent thereof, a sworn and itemized account of the amount and value of such labor or materials under the contract, express or implied, under which the labor was performed or materials furnished, with all credits and set offs thereon.
“Sec. 3194. Upon receiving the notice, such owner, etc., shall detain in his hands all subsequent payments from the principal or sub-contractor upon the contract, to secure such account and the account or estimates of other sub-contractors, etc., who may intervene before the next subsequent payment under the contract or within ten days thereafter.
“ Sec. 3195. Such sub-contractor, material man, etc., so filing his account with the owner, etc., shall, in order to notify his fellow sub-contractors, etc., at the same time file a copy thereof with the recorder of the county where such property is situate, which, if he fail to do, the filing of the notice with the owner, etc., shall give him no preference over other claimants.
“ Sec. 3198. All sub-contractors, etc., who, before the first subsequent payment falls due after the deposit of a copy of such account with the county recorder by any sub-contractor, etc., or within ten day thereafter, file with such owner, etc., a sworn account or estimate of the labor, etc., furnished or tobe furnished by them under a contract with the principal or a subcontractor, shall be paid pro rata-with the person first so filing his account and with each other, out of subsequent payments; but upon failure so to do they shall have no recourse against the owner, etc., for any prior payments made under his contract with his head contractor or sub-contractor.
In announcing the opinion in the case of Copeland v. Manton, supra, the court said: “ That the act of May 1, 1871 (68 O. L. 107), had so changed the law that the question of priority could not arise between sub-contractors.” That act, section 4, provided that the money should be distributed pro-rata among those filing attested accounts with the owner.
It seems clear to us upon an examination of these statutes, that it was the intention of the legislature to secure to those *70 sub-contractors who filed their attested accounts with the owner and with the recorder, prior to any payment becoming due or within ten days thereafter, the whole of such payment, provided it did not exceed the aggregate amount of their claims; and that those who did not follow the statute both as to manner and time of filing their claims, cannot share therein ; and that the time fixed for determining who shall share in such payment, is ten days after the same becomes due, and that mere delay in payment by the owner does not change their rights.
Indeed, section 3201 of the Revised Statutes would seem to settle this point beyond controversy, for it gives to such subcontractors a right to recover by action their pro-rata share of the amount due the contractor, if the owner does not pay the same within ten days, and mere delay on his part cannot defeat that right.
We have been referred by counsel for plaintiff in error to the case of Bullock v. Horn, 44 Ohio St. 420, as authority for a liberal construction of this statute, as it is claimed that its object and purpose is to protect those who contribute to the erection of a building. That case is undoubtedly an authority for'a liberal construction of these statutes, but as the court say, they are to be liberally construed “ so as to carry out the purpose of the legislature in their enactment.” The claim of plaintiff in error, in our judgment, if allowed, would defeat the manifest intention of the legislature.
We are also cited to the cases in which it has been held in the case of assignees and administrators that although the statutes fix a time within which a claim against the estate must be filed, yet a claim filed after that time is not cut off from sharing in any of the assets remaining undistributed. We think a clear distinction can be made between such cases and the one under consideration. An assignee or administrator holds an estate for the benefit of all its creditors. The owner of a building holds the money due the contractor (in the language of the statute) to secure the accounts duly attested and filed with him before any subsequent payment falls due or within 10 days thereafter. That he does not hold it for the benefit of all the sub-contractors is shown by the de *71 cisions in Copeland v. Manton and Dunn & Witt v. Rankin, supra, where, as we have seen, the sub-contractor who was prior in time, in filing his attested account, was prior in right in sharing in the fund.
Marriott & Hughes, for plaintiff, and the defendant J. A. Geren.
Atex. W. Krumm, for John Zettler.
Watson & Burr, for other defendants.
It is claimed on behalf of the plaintiff in error, on account of the word “ payment ” being used in the statute, that it means actual payment, and hence, if the claims are filed before that time, although more than ten days after the payment is due, such claimants are entitled to share therein. An examination of § 3194 shows that this claim is not well founded, for the word “ payment ” is there used, and the provision is there made for securing claims filed ten days after the payment. Such security would be worthless if payment meant actual payment to the contractor.
It is claimed.on behalf of the owner, John Zettler, that the court erred in charging him with interest upon the amount due the contractor from the time it became due. This is upon the theory that no order was made requiring him to pay the same into court, and as he had by his answer expressed his willingness so to do, he ought not to be charged with interest. We do not think this claim is well founded. He was bound to pay as soon as it fell due, and if doubtful as to the rights of the parties to the same, he ought to have brought the money into court, and left it there for distribution; to relieve himself he should have done this, but having chosen to hold the funds, he cannot complain if the court charged him for the use thereof. It further appears that he has complied with the order of the court of which he complains, and we think he cannot now seek its reversal.
It follows then that the judgment of the court of common pleas must be affirmed, and it will be done at the costs of the plaintiffs in erorr, J. A. Geren and John Zettler.